**Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP**

2025 NY Slip Op 30163(U)

January 15, 2025

Supreme Court, New York County

Docket Number: Index No. 652711/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                     PART         14

*Justice*

-----------------------------------------------------------------------------X

PATTERSON BELKNAP WEBB & TYLER LLP,

                                  Plaintiff,

- v -

MARCUS & CINELLI LLP, DAVID P. MARCUS, BRIAN L.
CINELLI, JOHN DOES

                                  Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652711/2022 |
| MOTION DATE | 01/14/2025 |
| MOTION SEQ. NO. | 015 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 015) 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 300, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 342, 343, 344, 345

were read on this motion to/for                     CONSOLIDATE                     .

Defendants Marcus & Cinelli LLP and David P. Marcus (collectively, "Moving

Defendants")'s motion to consolidate is denied.

**Background**

Plaintiff obtained a judgment in 2013 against non-party Barbara Stewart for over $2

million arising out of past legal services and served her with a restraining notice in 2013. That

restraining notice prohibited her from selling or transferring any property until the judgment was

satisfied. Plaintiff claims that it also sent defendants, lawyers who were then representing Ms.

Stewart, a copy of the restraining notice by email. Plaintiff has not received a single payment and

the judgment now exceeds $3 million (as interest has accrued).

Plaintiff claims that it took a deposition of Ms. Stewart in 2016 in which she claimed her

only asset that could be used to satisfy plaintiff's judgment was a property in Bermuda. Ms.

Stewart apparently asserted that although she was awarded certain jewelry in connection with her

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 1 of 6**
**Motion No.  015**

1 of 6

divorce proceeding, her former daughter-in-law had misappropriated these items, including a diamond ring.

It contends that a few months after giving the above testimony (in August 2016), Ms. Stewart sold the diamond ring (with the assistance of defendant David Marcus) for $2.375 million (it was a 24.79 carat diamond ring). Plaintiff alleges that the proceeds of the sale were deposited into a bank account controlled by Mr. Marcus' firm, defendant Marcus & Cinelli LLP. It argues that this firm transferred about $630,000 out of the account to pay off debts that Ms. Stewart allegedly owed to Marcus & Cinelli LLP and another attorney, and then transferred the remaining portion of the proceeds to three escrow accounts for Ms. Stewart's benefit.

**The instant motion**

Moving Defendants now seek to consolidate the instant action with two other matters. The first involves the aforementioned disposed case commenced by plaintiff against Ms. Stewart (the "Stewart Matter"). The other action, also filed by plaintiff, involves similar allegations to the claims asserted in this case. In that case, plaintiff says that a separate law firm, HoganWillig, PLLC ("HoganWillig"), received a retainer from the proceeds of the ring sale was therefore involved in frustrating plaintiff's ability to recovery its judgment against Stewart.

Plaintiff initially opposed this motion in full, but later withdrew its objection to consolidation with the HoganWillig action (NYSCEF Doc. No. 342 at 2). However, plaintiff points out that the Moving Defendants did not attach any proof that they served this motion on HoganWillig and plaintiff argues that this should compel the Court to deny the motion. Plaintiff also insists that consolidation is not appropriate with respect to its matter against Ms. Stewart as that case is no longer pending. Plaintiff points out that it obtained a judgment in that action in

**652711/2022  PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**     **Page 2 of 6**
**Motion No.  015**

2 of 6

2013. It also argues that because issue was never joined in the *Stewart* action (as Ms. Stewart never appeared), consolidation is not permitted.

Defendant Cinelli, who did not make the instant motion, joins in the Moving Defendants' application and asserts that all three actions involve common questions of law and fact.

The Moving Defendants assert that plaintiff has admitted that this case and the HoganWillig action involve overlapping factual questions regarding the disposition of the proceeds from the ring sale. They contend that the consolidation of all three actions would eliminate duplicative discovery, including document disclosure and depositions. The Moving Defendants insist that the 2012 case is still pending for consolidation purposes because plaintiff brought a turnover motion in 2022 and the judge assigned to that matter directed plaintiff to add both Marcus & Cinelli, LLP and HoganWillig as direct defendants in an order from 2022. They complain that plaintiff has ignored this Court order.

Plaintiff contends in reply that the purportedly fraudulent actions at issue in this case occurred in 2016 and 2017, long after it obtained a judgment in the Stewart matter in 2013. It emphasizes that there are no remaining claims to be tried in the Stewart matter and so there would be no "offset" for any damages recovered against the defendants in this action. Plaintiff argues that if it recovers any monies in either this case or the HoganWillig matter, it would simply file a "satisfaction-piece" pursuant to CPLR 5020.

**Consolidation with the Stewart Matter**

The Court denies the branch of the motion that seeks consolidation with the Stewart Matter for several reasons. First, that case is not "pending," a requirement for consolidation under CPLR 602 which states that "When actions involving a common question of law or fact

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**       **Page 3 of 6**
**Motion No.  015**

3 of 6

are *pending* before a court, the court, upon motion, may order . . . the actions consolidated" (emphasis added). A judgment was issued in the Stewart matter in July 2013 (NYSCEF Doc. No. 17 in Index Number 158524/2012). There are no common questions of law or fact as liability has already been determined against Ms. Stewart. And the purportedly wrongful actions claimed against the lawyers and law firm defendants happened well after the judgment was entered against Ms. Stewart.

Another reason the motion is denied is while "[t]here is no time limit on a motion to consolidate . . . it can't; as a rule be made before issue has been joined—the pleadings are all in—in the several actions affected" (Siegel, New York Practice § 128 at 258 [6th ed 2018]). There is no dispute that Stewart never filed an answer in Index No. 158524/2012; in fact, she attempted to vacate her default and the judge then assigned denied that motion (NYSCEF Doc. No. 40 in Index No. 158524/2012). Because issue was never joined, consolidation is not permitted.

Still another reason to deny the motion is that there is no indication that the Moving Defendants ever served Ms. Stewart's attorney in the Stewart Matter with the instant motion papers. No affidavit of service was uploaded for this motion. It is axiomatic that a party seeking to consolidate give all parties affected by consolidation the chance to object.

The Court recognizes that the Moving Defendants rely upon post judgment activity in the Stewart Matter as well as an interim order from the judge assigned to that matter that directed plaintiff to add Marcus & Cinelli, LLP and HoganWillig as intervenor-defendants (NYSCEF Doc. No. 130 in Index No. 158524/2012). However, it seems that both plaintiff and these proposed intervenor defendants abandoned the directives in this order, which was dated May 10, 2022. For instance, the order directed the proposed intervenors to serve their proposed verified

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL   Page 4 of 6**
**Motion No.  015**

4 of 6

answer with counterclaim within 14 days and to serve a copy of the interim order with notice of entry on the proper court offices (*id*.). There is no indication on the docket that this was ever done.

To the extent that the Moving Defendants blame plaintiff for not filing an amended complaint, they should have brought a proper motion in the Stewart Matter. Arguing now, more than two years later, that plaintiff violated an order from a different judge certainly does not compel the Court to consolidate.

Still another reason to deny this branch of the Moving Defendants' motion is that the Stewart Matter appears to be stayed pursuant to an order dated September 27, 2022 (NYSCEF Doc. No. 133 in Index No. 158524/2022). The Court records indicate that there have been no appearances scheduled since 2022 and no order lifting this stay. This Court cannot consolidate a disposed and stayed matter where movants have not successfully lifted that stay. In any event, a motion to lift such a stay would have to be brought before the judge that issued such a stay. In fact, the Court observes that, typically, a party seeking to consolidate makes that motion in the oldest pending case which, here, would be the Stewart Matter filed in 2012. Of course, the defendants here had nothing to do with plaintiff's claims for legal fees against Ms. Stewart when that case was brought in 2012 or when the judgment was entered in 2013.

**The HoganWillig Case**

The Court also denies this branch of the motion for similar reasons. As plaintiff pointed out, there is no indication that the Moving Defendants ever served HoganWillig with these motion papers. While plaintiff may no longer have an objection to this branch of the motion, this Court cannot overlook this issue. It may be that HoganWillig has no problem with consolidation

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 5 of 6**
**Motion No.  015**

5 of 6

but this Court cannot make such an assumption. Certainly, both cases are in different stages of discovery as HoganWillig has not yet answered. HoganWillig is entitled to proper notice and no affidavit of service for this motion was uploaded to NYSCEF.

And, as noted above, issue has not yet been joined in the HoganWillig matter. Plaintiff admits that issue should be joined soon but that, as a point of fact, no answer has yet been filed in the HoganWillig case. Therefore, this Court cannot grant this branch of the motion.

Accordingly, it is hereby

ORDERED that the motion to consolidate is denied.

| | | |
|---|---|---|
| **1/15/2025** | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 6 of 6**
**Motion No.  015**

6 of 6

[* 6]